UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK BRIAN WARNER,

Petitioner,

v.

STATE OF WASHINGTON,

Respondent.

Case No. 3:26-cv-06240-TL-TLF

ORDER TO SHOW CAUSE

Petitioner Mark Brian Warner, proceeding *pro se*, filed an application for leave to proceed *in forma pauperis* and a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1, 4 (corrected IFP application). Petitioner is currently confined at the Stafford Creek Corrections Center (SCCC) in Aberdeen, Washington. *See id*. at 1.

Under 28 U.S.C. § 2254(b)(1)(A), (B), this Court shall not grant a petition for habeas corpus unless the petitioner has exhausted remedies available in state courts, or "there is an absence of available State corrective process". According to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must promptly examine a habeas corpus petition and "if it appears from the petition and the attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . . ." If the petition is not dismissed after the initial review, then the Court must serve the petition on the person having custody of the petitioner, and order a response/answer to be filed by the respondent. *Id.*

In this action, petitioner is challenging a 2020 judgment of the Kitsap County Superior Court. *See id*. The petition has not been served on respondent. The Court has reviewed the petition, the Court's record of a previous federal habeas corpus petition, and the balance of the record; the Court orders petitioner to show cause why the Court should not dismiss, because this petition appears to have been filed after expiration of the state and federal habeas corpus statutes of limitations.

**I. Discussion**

This is the third federal habeas corpus petition that Mr. Warner has filed with this Court. See *Warner v. Bennett*, No. 24-5993, 2025 WL 972385 (9th Cir. March 10, 2025) (denying request for certificate of appealability); No. C24-5414-KKE-MLP, 2024 WL 4107308 (W.D. Wash. Sept. 5, 2024) (dismissing without prejudice for failure to exhaust state remedies); *Warner v. Speer,* No. 3:25-cv-5007-RSL-GJL, 2025 WL 1434355 (W.D. Wash. May 19, 2025) (dismissing without prejudice for failure to exhaust state remedies).

Under 28 U.S.C. § 2244(b), a petitioner may only bring a second or successive petition for habeas corpus if they obtain permission of the Ninth Circuit Court of Appeals, and make a prima facie showing that they meet the requirements of § 2244(b). *Gulbrandson v. Ryan,* 738 F.3d 976, 996 (9th Cir. 2013). A habeas corpus petition is considered successive if "it raises claims that were or could have been adjudicated on the merits." *McNabb v. Yates,* 576 F.3d 1028, 1029 (9th Cir. 2009). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *Id.* Dismissal for failure to exhaust state remedies is not a dismissal on the merits. *See, McNabb v. Yates,* at 1030.

Here, the first and second petitions were dismissed for failure to exhaust state remedies; therefore, the Court is not precluded from reviewing the petition by the successive petition rule.

Petitioner identifies four grounds for federal habeas relief in his petition. Dkt. 1 at 16-20. Petitioner makes clear that he has not presented any of his federal habeas claims to the Washington Supreme Court for review, either on direct appeal or post-conviction review, apparently because he believes the State of Washington is acting in willful defiance of federal processes and statutes and lacks jurisdictional authority to decide the constitutional issues raised in the petition. *See id*. at 5, 16-20; *State v. Warner,* 20 Wn. App. 2d 1057 (2022) (unpublished), review denied, 199 Wash. 2d 1018 (2022) (conviction affirmed on direct appeal, defendant raising claims of insufficient evidence, and speedy trial violation).

Petitioner also requests equitable tolling, because his petition was filed beyond Washington State statutory one-year statute of limitations for bringing a post-conviction petition in state court, and it appears this petition is untimely under the AEDPA one-year statute of limitations for federal habeas corpus petitions. Dkt. 1, proposed habeas corpus petition, at 21.

A state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner

must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

If a petitioner is foreclosed by a state statute of limitations from pursuing remedies in state court, the petitioner has technically exhausted state remedies, because no state remedies are available to them. *Casey v. Moore,* 386 F.3d 896, 920-921 (9th Cir. 2004); *see, Coleman v. Thompson,* 501 U.S. 722, 732 (1991) (if petitioner has no state remedies available, they meet "the technical requirement for exhaustion").

Petitioner acknowledges there is a statute of limitations issue, because on the face of the petition, all grounds raised in the petition are plainly unexhausted and under Washington State law there is a one-year statute of limitations imposed by RCW 10.73.090, for bringing a post-conviction petition in state court.

Although petitioner does not mention it, the AEDPA statutes also include a one-year statute of limitations under 28 U.S.C. § 2244(d)(1), for federal habeas corpus petitions.

Here, it appears both of these statutes of limitations may apply. Petitioner has made conclusory arguments and not provided the Court with documentation of information about whether there are any reasons the state statute of limitations would not apply, or why the AEDPA federal statute of limitations would not apply. Dkt. 1, proposed habeas corpus petition, at 21. Because the Washington Supreme Court denied review in 2022, and petitioner has not shown there is or has previously been any post-conviction petition filed in state court, the Court may conclude that the state statute

of limitations expired one year after the Washington Court of Appeals issued a mandate on direct appeal on June 28, 2022. *State v. Warner,* 20 Wn. App. 2d 1057 (2022) (unpublished), review denied, 199 Wash. 2d 1018 (2022) (conviction affirmed on direct appeal, defendant raising claims of insufficient evidence, and speedy trial violation); mandate filed in Court of Appeals Case No. 83332-4-1, 6-28-2022 (public document search) on Washington State Courts Website: https://acdocportal.courts.wa.gov?PublicAccess/search_ca.html.

Therefore, the Court ORDERS as follows:

(1) petitioner must show cause, on or before December 14, 2026, why this petition should not be dismissed with prejudice because the state and federal statutes of limitations have expired.

(2) Failure to file a timely response to this ORDER may result in a recommendation to the Honorable Tana Lin that this petition should be dismissed.

(3) The Clerk of Court is directed to NOTE this matter on the Court's Motion calendar for December 14, 2026, for review of petitioner's response to this Order to Show Cause.

(4) The Clerk of Court is directed to send copies of this ORDER to petitioner and to District Judge Tana Lin.

Dated this 9th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge